NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 25 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID LUXTON, Dr.,

Plaintiff - Appellant,

v.

WASHINGTON STATE DEPARTMENT
OF VETERANS AFFAIRS,

Defendant - Appellee.

No. 25-3542

D.C. No.
3:23-cv-05238-DGE

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
David G. Estudillo, District Judge, Presiding

Argued and Submitted May 22, 2026
Seattle, Washington

Before: HAWKINS, CLIFTON, and R. NELSON, Circuit Judges;
Partial Concurrence and Partial Dissent by Judge R. Nelson.

Appellant Dr. David Luxton's brief tenure as the Director of Counseling &

Wellness Programs for the Washington State Department of Veterans Affairs

("WDVA") came to an end when he declined to be vaccinated against COVID-19

due to his religious beliefs and the WDVA determined that it could not

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

accommodate his religious exemption from its vaccine mandate without undue hardship. Dr. Luxton seeks review of the district court's order granting summary judgment in favor of the WDVA on his Title VII failure-to-accommodate claim, 42 U.S.C. § 2000e(j). We review de novo the district court's decision to grant summary judgment. *See Ets-Hokin v. Skyy Spirits, Inc.,* 225 F.3d 1068, 1073 (9th Cir. 2000). We affirm.

1. The district court correctly determined that accommodating Dr. Luxton's exemption from the vaccine mandate would have imposed an undue hardship on the WDVA, because his position required in-person contact with healthcare providers and permitting him to perform that role unvaccinated would expose the providers and their patients to a substantial health and safety risk. Title VII's antidiscrimination mandate requires an employer "to reasonably accommodate" an employee's "religious observance or practice" unless doing so would cause the employer "undue hardship." § 2000e(j). The undue hardship standard "takes into account all relevant factors in the case at hand, including the particular accommodations at issue and their practical impact in light of the nature, size and operating cost of [an] employer." *Groff v. DeJoy*, 600 U.S. 447, 470–71 (2023) (alteration in original). "Health and safety costs" can create an undue hardship in the context of COVID-19 vaccination exemptions. *Petersen v. Snohomish Reg'l Fire & Rescue*, 150 F.4th 1211, 1218 (9th Cir. 2025).

Dr. Luxton asserts that he could have performed the role of Director of Counseling & Wellness Programs completely via telework, but the undisputed evidence shows that he had duties which required him to appear in person. The job description which Dr. Luxton signed upon accepting the position specified that he was responsible for "clinical oversight of 40 plus contract therapists and their subcontractors," and that "[s]ite visits are the primary way in which the performance of the individual clinical contractor is assessed." The "[a]bility to travel throughout the State" was listed as a condition of his employment, as "travel is a frequent part of the management of contracts to providers located in remote areas of the State." Dr. Luxton counters by pointing to a line in the job description which states that the position is "*up to* 100% telework authorized based on WDVA mission requirements." But this caveated statement does not create a genuine dispute of fact as to his job's in-person requirements.

Nor is it disputed that allowing Dr. Luxton to perform his essential in-person functions while unvaccinated would increase the risk of illness or even death faced by other WDVA employees and vulnerable veteran populations. In the context of COVID-19, we have recognized that unvaccinated healthcare employees who work in "close contact with either patients or staff" can pose a "realistic" and "substantial" threat to the employer's operations by heightening the risk of (1) transmission to patients and other staff, and (2) staff shortages due to illness.

*Williams v. Legacy Health*, 174 F.4th 1201, 1204, 1206–07 (9th Cir. 2026); *see also Petersen*, 150 F.4th at 1220 (holding that "objective, unrebutted medical evidence" showed that unvaccinated firefighters would create "significant health and safety costs" and put at risk the fire department's "own workforce and persons in the public needing emergency, even life-saving, services").

The WDVA submitted an expert report from Dr. John Lynch, in which he opined that vaccination against COVID-19 lowers an individual's risk of infection and transmission and is more effective than alternative measures such as personal protective equipment or social distancing. The record also included a declaration from WDVA Director David Puente Jr., stating that 35 veterans in WDVA facilities died after contracting COVID during the pre-vaccine period when the department was relying instead on masking, testing, and distancing. Dr. Luxton's expert, Dr. Risch, did not contest these points.

Given that Dr. Luxton's job duties would bring him into contact with WDVA healthcare providers and the unrebutted medical evidence shows that this would create a substantial health risk to employees and patients, the undisputed evidence shows that the WDVA would face undue hardship by accommodating Dr. Luxton's request to remain in his role unvaccinated. As this undue hardship determination is sufficient grounds for us to affirm the district court's grant of summary judgment on Dr. Luxton's Title VII claim, we need not reach the

independent question of whether he adequately pursued the WDVA's offer of reassignment.

2.     Dr. Luxton also argues that the district court abused its discretion in several respects: by entering a protective order to prevent him from taking a 30(b)(6) deposition of the State; denying his request to amend his complaint; and declining to exercise supplemental jurisdiction over his state law claims. None of these objections have merit.

First, Dr. Luxton failed to challenge the entry of the protective order in a motion to the district court. He had been explicitly instructed by the district court to do so if he wanted to challenge the protective order entered through the court's informal discovery dispute resolution process. His objection is therefore waived on appeal. *See O'Guinn v. Lovelock Corr. Ctr*., 502 F.3d 1056, 1063 n.3 (9th Cir. 2007) (holding that a party generally waives an argument by failing to raise it to the district court). Similarly, Dr. Luxton's request for leave to amend his complaint came too late and in an improper form, raised for the first time in his summary judgment briefing rather than in a timely motion. "A need to reopen discovery and therefore delay the proceedings" supports a district court's denial of leave to amend based on prejudice. *Lockheed Martin Corp. v. Network Sols., Inc*., 194 F.3d 980, 986 (9th Cir. 1999). The district court was justified in concluding that granting Dr. Luxton's request would prejudice the defendants. Finally, the

district court acted within its discretion by choosing not to retain jurisdiction over the remaining state-law claims after it had properly dismissed all of Dr. Luxton's federal claims. *See* 28 U.S.C. § 1367(c)(3).

**AFFIRMED.**


*Luxton v. Washington State Department of Veterans Affairs*, No. 25-3542

R. NELSON, J., concurring in part and dissenting in part:

Though I am largely in accord with the majority's disposition, I reach a different conclusion on the undue hardship analysis. To successfully demonstrate an undue hardship affirmative defense, the Washington State Department of Veterans Affairs (WDVA) needed to show that in the context of its business, its hardship would be "excessive" or "unjustifiable." *Groff v. DeJoy*, 600 U.S. 447, 469 (2023). On this record, WDVA did not demonstrate that its hardship would be unjustifiable as it argues that any increase in infection risk was sufficient to satisfy *Groff.* Such a general proposition does not meet the *Groff* legal standard.

Still Title VII allows WDVA to assert an affirmative defense either if WDVA faced an undue hardship or if it initiated good faith efforts to accommodate the employee. *Bolden-Hardge v. Office of California State Controller*, 63 F.4th 1215, 1224 (9th Cir. 2023). WDVA offered Dr. Luxton a reassignment process; the undisputed facts are unclear whether he engaged in that process. *Am. Postal Workers Union v. U.S. Postal Serv.*, 781 F.2d 772, 777 (9th Cir. 1986). Accordingly, I would remand to the district court to determine whether WDVA attempted to reasonably accommodate Dr. Luxton.

1